IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BYRON ANTHONY HORN, #18101-077, § <br> PLAINTIFF, § <br> § <br> v.                                          § <br> § <br> UNITED STATES OF AMERICA,           § <br> DEFENDANT.                              § | CIVIL CASE NO. 3:20-CV-543-X-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including entry of findings and a recommended disposition. The Court granted Plaintiff Byron Anthony Horn's motion to proceed *in forma pauperis*, but did not issue process pending judicial screening. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**I.    BACKGROUND**

Horn pled guilty to five counts of bank robbery and was sentenced to 120 months' imprisonment. *United States v. Horn*, No. 3:16-CR-325-M, Crim. Doc. 61 (N.D. Tex. 2018), *aff'd*, No. 18-10277, Crim. Doc. 64 (5th Cir. Oct. 31, 2018), *cert. denied*, No. 18-7692, Crim. Doc. 66 (Mar. 4, 2019). On February 28, 2020, Horn filed his *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and the government was ordered to respond. Crim. Doc. 71; *Horn v. United States*, 3:20-CV-544-M-BH (N.D. Tex.).

Contemporaneously, Horn filed a complaint against the United States of America, asserting that he was "unlawfully … sentenced above the U.S. Sentencing Guidelines without

proven and just cause." Doc. 3 at 1, 3. He avers that the Court varied upward from the calculated guideline range and sentenced him to 120 months' imprisonment. Doc. 3 at 4. Horn requests appointment of counsel "so that [the] obvious injustice can be represented [sic] to the courts." *Id.* He also requests that the Court "leave [sic] up to the signed plea agreement that [he] signed and legally agreed upon." Doc. 3 at 4.

Upon review, Horn's complaint lacks any legal basis and should be dismissed as frivolous and for failure to state a claim.

## II. ANALYSIS

Because Horn is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Horn's claims seek relief against a defendant who is immune from such relief. Thus, it also fails to state a claim for relief.

Under the doctrine of sovereign immunity, the United States Government cannot be sued unless it gives its consent.  *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (quotations and quoted cases omitted)).  Here, Horn presents no statutory or case authority for suing the United States government because he is dissatisfied with his sentence.  Moreover, constitutional and jurisdictional challenges to a federal sentence are generally cognizable in a motion to vacate sentence, which as previously noted is pending before the judge of this Court that imposed Horn's sentence.  *See* 28 U.S.C. § 2255(a).

### III.  LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."  *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'"  *Id.*  For the reasons outlined here, Horn's claim is fatally infirm.  Thus, granting leave to amend would be futile and cause needless delay.

### IV.  CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITH PREJUDICE** as frivolous for failure to state a claim and for seeking relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[1]

**SO RECOMMENDED** on March 30, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[1] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."